UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Katherine Flynn,

    Plaintiff,

  v.                                   17-CV-565
                                          DECISION AND ORDER

Target Corporation,

    Defendant.

On February 10, 2017, the plaintiff commenced this litigation by filing a complaint in New York State Supreme Court, Erie County. Docket Item 5-B. The complaint sought damages for personal injuries but did not include the dollar amount of damages sought. On June 19, 2017, the plaintiff responded to the defendant's "Demand for Specific Relief" by claiming $100,000 in damages—a claim that exceeded the $75,000 amount-in-controversy requirement for federal court cases where jurisdiction is based on diversity of citizenship. Because of such diversity here, on June 22, 2017, the defendant filed a notice of removal in this Court. Docket Item 1. Six days later, the plaintiff reduced the "demand in this matter to $75,000." Docket Item 19 at 3.

On September 22, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 6. On December 4, 2017, the plaintiff moved to remand to state court, Docket Item 13, and on December 28, 2017, the defendant replied, Docket Item 15. On February 8, 2018, Judge Scott issued a Report and Recommendation finding that the plaintiff's motion should be denied. Docket Item 19. The parties did not object to

the Report and Recommendation, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation. Based on that review and the absence of any objections, the Court accepts and adopts Judge Scott's recommendation to deny the plaintiff's motion and allow the case to proceed in this Court. Although the amount in controversy is assessed from the plaintiff's view of the claim, "[i]f the plaintiff could . . . reduce the amount of [her] demand to defeat federal jurisdiction [,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

For the reasons stated above and in the Report and Recommendation, the plaintiff's motion for remand, Docket Item 13, is DENIED. The case is referred back to Judge Scott for further proceedings consistent with the referral order of September 22, 2017, Docket Item 6.

SO ORDERED.

Dated: March 2, 2018
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE